**HANISKO, Plaintiff-Appellee, v. HANISKO et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3869. Decided November 2, 1956.

Falls, Hazel & Kerr, Youngstown, for plaintiff-appellee.
Theodore T. Macejko, David C. Haynes, Youngstown, for defendants-appellants.

## OPINION

By GRIFFITH, J.

This is an action to recover $3,000.00 which plaintiff alleges he turned over to the defendants with the understanding that they would return the same to him as he might request. Plaintiff alleges that he later made demands upon defendants for the money, and that they have refused to return it.

In addition to the general denial of the facts alleged by the plaintiff in his petition the defendants say that the check was delivered to the defendants as a gift.

The only issue therefore pertains to the nature of this transaction. Was it a delivery coupled with the imposed condition that it be returned to plaintiff upon request, or was it an outright gift?

The transaction between the parties admittedly embraced the following elements:—

(1) It was a transfer of the money from plaintiff to defendants.

(2) There was no consideration therefor.

(3) Plaintiff at time was of sound mind and not under any restraint.

(4) He had a right to make a gift.

(5) Delivery was fully made by plaintiff and accepted by defendants.

The above five items are all elements of a gift.

To constitute a gift, however, there must be an intent on the part of the donor to make such gift, and he must irrevocably part with ownership and control and with no condition imposed thereon to be carried out by the donee.

The court charged the jury:—

"The plaintiff comes in here, in the first instance, and makes an affirmative claim that he turned oved $3000 by a check to the defendants in the early part of 1952 for the purpose of their holding it for him and to send him such parts or all of it as he requested, and that this was done on the basis of a trip to Canada. Essentially, the claim of the plaintiff here is that this money, represented by the check, was turned into the custody of the defendants, that they would hold it for him, pay it over as he asked for it.

"That is denied by the defendants. Their position, as you know, is that the transaction was an out-and-out gift. Since the plaintiff has come in here and made an affirmative claim as to the nature of the transaction, namely, that the money was turned over to the defendants to hold for him and pay out as he asked it to be paid out to him or on his order, since that affirmative claim has been made and is denied by the defendants, in order for the plaintiff to prevail in this law suit, he must establish, essentially, that that was the transaction in order to be entitled to a verdict at your hands. We sometimes put it by saying the burden of proof is upon the plaintiff to establish his claim, his affirmative claim by the greater weight of the evidence. By the greater weight of the evidence is meant this, that he must establish the affirmative of his claim by evidence which in your judgment has greater weight, is more persuasive to you than all other evidence to the contrary. I am going to go into this matter a little more fully. You have before you a determination of a fact, and you are considering

the evidence, the fact being was this money turned over in, you could say in trust. but in the care and custody of the defendants for the plaintiff's benefit.

"Now you weigh the evidence on either side of that proposition; and if you find, after weighing it and considering it, that it weighs against the plaintiff's claim, then the plaintiff has not established his claim by the greater weight of the evidence; likewise, if you should find in weighing the evidence that it is about equal or substantially equal on both sides, again I instruct you the plaintiff cannot be said to have established his affirmative claim by the greater weight of the evidence.

"But if you find, even though it is by a small amount, that the evidence in favor of the plaintiff's claim outweighs even to a small extent the evidence against it, then the plaintiff could be said to have established his claim by the greater weight of the evidence.

"So in this case, unless you find that the plaintiff has established the issue of fact I am now discussing, I remind you it is the question of whether or not the money was turned over by the plaintiff to the defendants to hold for him, unless the plaintiff has established the affirmative of that claim of his by the greater weight of the evidence, your verdict must be for the defendant.

"On the other hand, if you find that the plaintiff has established his claim by the greater weight of the evidence, the claim referred to, then he is entitled to recover and your verdict should be for the plaintiff.

"I have taken, perhaps, quite a few minutes to tell you about this, but after all, it is a simple issue. If you find for the plaintiff, you will have no problem as to the amount of money involved. It is either $3,000 or nothing, depending on your determination of the leading issue in the case. If you find for the defendant, of course, the plaintiff is entitled to nothing. If for the plaintiff $3000. There is no interest complication in this case. The petition does not ask for interest."

Wasn't the presence or absence of the condition imposed upon the delivery of this money the only question involved? All the other elements of a gift were admittedly present so why charge on the subject of gift, which could only tend to draw the minds of the jurors away from the real single fact in issue in this case, to-wit, was it a conditional gift or was it an outright delivery free from any strings attached.

The charge in this case is clear and goes directly to the one issue of fact, and although counsel on both sides requested the court to charge on what constitutes a gift the court was not required to do so, and was correct in refusing so to do. How could it have helped the defendants if the court so charged? The issue was the presence or absence of a conditional delivery of this money and nothing more. The court should not go beyond this one single issue and embrace issues of fact not in the case. The five elements of a gift were not in issue. The sixth issue, to-wit, was there a condition imposed on the gift, was the only matter in issue.

There was evidence both ways as to this issue, and the jury determined that it was not an outright gift but a conditional delivery as claimed by plaintiff.

We fail to find any prejudicial error in the other eight assignments set forth and the judgment is affirmed.

PHILLIPS, PJ, concurs in judgment.
NICHOLS, J, dissents.

## CONCURRING OPINION

By PHILLIPS, PJ.

In his petition filed in the court of common pleas plaintiff alleged inter alia:—

"* * * that on or about the 16th day of October, 1951, because of the mutual trust and confidence in each other the plaintiff and defendants entered into a living arrangement whereby the plaintiff furnished a home for the defendants and the defendants agreed to provide food and meals for the plaintiff.

"That as an incident to this living arrangement the plaintiff planned an extended trip to Canada to visit his brother. Contemplating that he might need more money than what this plaintiff intended to take with him, the plaintiff, on January 2, 1952, withdrew $3000.00 from his savings account at the Mahoning National Bank and having complete trust and confidence in the defendants and assuming they would forward his money to him as he requested and relying on their good faith and believing they would properly account for said funds turned over to the defendants said money for said purpose and not otherwise.

"That after placing said money under the care and custody and control of the defendants, the plaintiff visited his brother in Canada but due to a change in plans returned home. That upon his return the plaintiff requested of the defendants a return of the $3000.00 which they were holding for him and thereafter the plaintiff has made numerous demands upon the defendants for same but the defendants have refused and still refuse to return said money. The plaintiff therefore believes and alleges that the defendants wrongfully used the plaintiff's $3000.00 for their own personal use and acquired assets therewith. * * *

"Wherefore, the plaintiff prays judgment against the defendants for the sum of $3000.00 and further that the assets of defendants be impressed with a trust in the sum of $3000.00, for all other proper relief which the court deems meet and for his costs herein expended."

By answer to plaintiff's petition defendants alleged inter alia:—

"* * * on the 1st day of September 1951, at the sole request of plaintiff these defendants moved from the City of Struthers, Ohio to the plaintiff's residence at 968 Campbell Street Youngstown, Ohio; that plaintiff desired and wanted these defendants to take care of the home, provide the plaintiff with board and otherwise perform certain services commonly carried out in each and every home; that plaintiff, at the time in question, was a widower and stated to the defendants that he wanted them to make their home with him; that in addition to the performance of the foregoing acts, these defendants move into the property owned by the plaintiff and provide him with food and other essential services ordinarily required for the proper maintenance of a home; that the defendant, Elisa Hanisko prepared the meals for the plaintiff,

laundered all of his clothes, cleaned the entire home, re-arranged and re-decorated the entire interior of the home; that defendant, Frank Hanisko likewise performed certain essential services in connection with the agreement reached between the parties; namely, painted the exterior of the home, replaced the front and back steps, installed a new roof on the garage.

"Answering further defendants state that on or about seven weeks after they changed their place of residence from Struthers to Youngstown, the plaintiff without solicitation of any kind and as an act of appreciation gave the defendant, Elisa Hanisko a check in the amount of $3,000.00 without reservation or condition. Defendants say that the check referred to was given to Elisa Hanisko as a gift.

"Answering further defendants state that by reason of plaintiff's unbecoming conduct and remarks to the defendant, Elisa Hanisko, defendants found it necessary to remove themselves from the home of the plaintiff.

"Answering further defendants deny each and every allegation and statement contained in said petition not hereinbefore expressly admitted to be true."

By cross-petition defendants sought a judgment against plaintiff for food and services rendered him.

Both parties introduced evidence to support the allegations of their respective pleadings.

The jury returned a verdict for the plaintiff upon which the trial judge duly entered judgment, overruled defendants' motions for a new trial and for judgment notwithstanding the verdict of the jury.

Defendants appealed to this court on questions of law from the judgment of the court of common pleas "and the court's order overruling defendant's motion for a new trial rendered by the court of common pleas in the above entitled cause on the 25th day of May, 1956."

The trial judge permitted plaintiff to testify as follows:—

"Q. In January of 1952, before you went to Canada, did you draw some money out of the bank?

"A. Yes.

"Q. How much?

"A. $3000.

"Q. How much money did you have in the bank at that time?

"Mr. Haynes: Objection.

"The Court: I think I am going to overrule you on this basis: We are looking at people's intentions, and I think that has a bearing on it. I will permit it and give you an exception. Overruled with exception.

"A. $6,500.

"Q. Do you have money in any other bank?

"A. No.

"Mr. Haynes: Same objection, and ask that it be stricken.

"The Court: Same ruling, exception granted. It may remain.

"Q. What did you do with the $3,000 you took out of the bank?

"A. I gave it to Mrs. Hanisko.

"Q. What?"

Urging that the trial judge committed error prejudicial to them in the introduction of such evidence defendants argue inter alia:—

"* * * It can be definitely shown that the testimony referred to above concerning appellee's financial condition was intended merely to present to the jury an element of pity since the age differential existing between the appellee and his nephew indicated that two young people were endeavoring to take advantage of an old man. In other words, this line of questioning created passion and prejudice against the appellants and placed the appellee in a favorable position. Such testimony did not bear upon any issue in this case and the objection raised by counsel for the appellants should have been sustained."

The sole question presented for the jury by this situation was the intention of the parties which must be determined by careful consideration of all the circumstances surrounding their acts. See **Thompson v. Thompson. 18 Oh St 73; Norris v. Norris, 40 Abs 293.**

I do not concur in defendant's contention that the trial judge erred to defendants' prejudice in the admission of the evidence of which complaint is made.

The bill of exceptions discloses the following action taken by counsel for defendants:—

"Mr. Haynes: At this time on behalf of the defendants I wish to stand alone upon the gift, and we will at this time dismiss our cross-petition as respects what we claim as services rendered, and we will stand alone upon the gift.

"The Court: I assume, therefore, that you will withdraw your motion with regard to the cross-petition.

"Mr. Newman: I shall. I would like the record to show that we do not have to disprove a gift to Mr. Haynes argument.

"The Court: I will instruct the jury when the time comes."

With reference to the claimed gift of $3,000.00 defendant Elisa Hanisko testified:—

"Q. Now then, I want you to tell us about the time when he delivered to you the check that we have all heard so much about in the amount of $3,000, and I want you to tell His Honor and these folks every word that was spoken by him, if you can recall, at the time of the delivery of that check to you.

"A. Well, I was in the kitchen. It was about quarter after three, I was getting supper for my husband. He got home about four. I always started my meal between three and three-fifteen.

"Q. That included Uncle Mike?

"A. Yes.

"Q. All right.

"A. And in the meantime he had come home from town, and whether the other uncle had been with him or not I don't know, but he was in the living room with him, and they called me in there, and I told them I didn't have time because I had to get supper, and he says, Uncle George, the other uncle, says, well, come in, Uncle Mike has a present for you. So I left everything go and went in to see what they had. Uncle George Repasky handed me the check when I went in there,

"Q. Is that the older gentleman sitting out here right now?

"A. Yes.

"Q. Within ear-shot of this Court Room? He is out there?

"Mr. Newman: I object and ask that that be stricken.

"Mr. Haynes: He is within ear-shot.

"The Court: I don't think it is something—

"Mr. Newman: He has purposely—

"The Court: The jury has no business on the issues in this case. If he is a witness and sitting out there, I can't criticize anybody. I am sitting in a court room that has not got a witness room.

"Mr. Haynes: All I said is that the old gentleman sitting there.

"The Court: What difference does that make?

"Mr. Haynes: I want him identified as the one who delivered the check.

"The Court: What difference does that make?

"Mr. Haynes: I want him identified as the one who delivered the check.

"The Court: I know. I think that the jury is instructed to disregard all this part of it.

"Q. Is the gentleman that is seated out there the man that delivered the check to you?

"A. Yes.

"Q. Proceed.

"A. Well, I looked at the check and I thought it was for $300, and I was putting it or lowering it I looked at it again and I was shocked to see it was for $3,000. I asked Uncle Mike, what is this for, and he says, I told you I'd be good to you, and that was the last that was mentioned about the $3,000. that that was to be money to finance any emergency that might arise

"Q. Was there anything ever said by him at any time then or later if and when he went to Canada?

"A. No, sir.

"Q. Tell us what he did about the $800.00 that he had upstairs.

"A. Well, before he went to Canada, he called me in his room and showed me where he kept $800, and he told me that if anything happened to him there was $800 more for me that nobody would know about that could be mine.

"Q. That $800 was there when he returned?

"A. Yes, sir.

"Q. He later took it himself?

"A. I believe he did as far as I know.

"Mr. Haynes: I believe that is all."

Obviously by the statement "the jury has no business on the issues in this case" the trial judge was referring exclusively to the matter on which he was ruling, namely, the objection of plaintiff's counsel to defendants' counsel's remark concerning "Uncle George Repasky" sitting "within ear-shot of this court room."

With reference to defendants' claim that the trial judge erred to their prejudice in refusing the request of counsel for the respective parties to charge on a gift the bill of exceptions discloses:—

"Mr. Newman (Counsel for plaintiff): If the Court please, I think the court should define a gift, because gift has been injected in here.

"The Court: No, I am not, for this reason: I have told the jury that the plaintiff must establish by the greater weight of the evidence the circumstances of the turning over that money as he claims he did; and if he does, there would not be any gift or anything else except to interfere with his recovery. It seems to me that a gift is giving something for nothing. It is a sort of thing we give on Christmas or birthdays or something like that, sometimes not on such occasions, but that is not what the plaintiff claims. The plaintiff claims, as I have explained to the jury, what was the transaction substantially, that is, that the money be held for him, and he must establish that by the greater weight of the evidence before he can recover. I don't think there is any point in going further in defining a gift, and that is important only to the extent that that in the opinion of the jury might negative the transaction as the plaintiff claimed it. Anything further?

"Mr. Newman: Likewise, that the jury should be instructed to exclude all acts of conduct subsequent to the delivery of this gift except those which pertain here.

"The Court: No, there are a lot of circumstances in the case. I will let the jury consider them, but only as bearing on the main issue of the case as to the nature of this transaction concerning which the parties have—

"Mr. Newman: Nothing further.

"Mr. Haynes: With the fear of being repetitious, I know, Your Honor, I too concur that I wish the court would charge the jury on a gift and their views. I am saying for the record—

"The Court: Well, it seems to me the issue is very simple. I have stated to the jury the issue. It is what the plaintiff claims is what, that he turned this money over to be held for him. Now anybody knows that a gift is where you give something for them, not for yourself. I don't think there is any need to define a gift in its legal terms. I told the jury when the plaintiff is entitled to recover and when he is not entitled to recover. You may have an exception. The alternate juror may be excused.

"Mr. Haynes: Exception to the charge of the court. General exception.

"Mr. Newman: General exception."

Further arguing this assigned ground of error the defendants state by brief:—

"To the foregoing requests for a positive statement on what the law is as respects gifts inter vivos, the court made the following jocular remark in the presence of the jury:

" 'It seems to me that a gift is giving something for nothing. It is a sort of thing we give on Christmas or birthdays or something like that, sometimes not on such occasions, but that is not what the plaintiff claims.'

"Obviously the foregoing language of the court simply instructed the jury to return a verdict for the appellee when he stated that a gift is something you give for nothing. The basic law in the state of Ohio

involving a gift inter vivos is just exactly that, that it is a gift that may be given without any consideration whatsoever."

Finally defendants argue:—

"Originally appellants' answer and cross-petition raised two issues. One of these issues was automatically resolved when the cross-petition was dismissed. The other issue of gift was nullified when the court refused to instruct the jury on the elements of a gift. When appellants were stripped of this affirmative defense, the jury had only one duty to perform and that is to find for the plaintiff."

I believe no error intervened to defendants' prejudice by the refusal of the trial judge in the respects urged in the assigned ground of error under discussion.

For a full discussion see: Corrigan v. Rockefeller, 8 Ohio Decisions 14, Leedle v. Christie, 15 C. C. (n. s.) 385 at 388; 17 O. Jur., Sections 119, 120, 123, Pages 149, 150, 151, 156.

I concur in what Griffith, J., said in the majority opinion:—

"The charge in this case is clear and goes directly to the one issue of fact, and although counsel on both sides requested the court to charge on what constitutes a gift the court was not required to do so, and was correct in refusing so to do. * * *

"We fail to find any prejudicial error in the other eight assignments set forth and the judgment is affirmed."

The judgment of the court of common pleas is affirmed.

GRIFFITH, J, concurs in judgment.

NICHOLS. J. dissents.

## DISSENTING OPINION

By NICHOLS. J.

To me it is apparent that the trial judge by his refusal to charge upon the defense raised by the answer of the defendants and the evidence in support thereof committed error prejudicial to the defendants for which this action should be reversed.

There is in the record competent evidence offered by the defendants which, if believed by the jury, would warrant a finding that the plaintiff made an unconditional voluntary gift to defendants of the money involved in this action, and by the court's definite refusal to charge upon the subject of gift the defendants were deprived of a substantial right which eliminated from the consideration of the jury the issue made by defendants' answer and the evidence offered in support thereof.

The trial court should not confine its charge solely to the issue made by one of the parties in an action. The refusal of the trial judge to charge upon the issue of gift in this case gave undue emphasis to the charge as given.